By the Court.
The plaintiffs in error in a proceeding instituted by them before the Public Utilities Commission of the state sought an order of that board requiring that a physical connection be made between the tracks of The Wheeling & Lake Erie Railroad Company and the tracks of The Lake *371 Erie & Pittsburgh Railway Company, at a point about two miles north of Kent, Ohio, where the two roads cross at different grades, the tracks of the Wheeling & Lake Erie passing under the tracks of the Lake Erie & Pittsburgh.
The Public Utilities Commission found that the complainants were not entitled to such order and dismissed the complaint. Thereafter an application for a rehearing filed by the complainants was denied by the Public Utilities Commission, whereupon a petition in error was filed in this court.
The record discloses that the complainant, The Wheeling & Lake Erie Railroad Company, owns a line of railroad extending from Cleveland, Ohio, to Zanesville, Ohio, which, at Harmon, Stark county, crosses a line of railroad owned and operated by the same company, extending from Toledo to Martins Ferry and Steubenville. The road of The Lake Erie & Pittsburgh Railway Company extends from its intersection with the New York Central Belt Line at Marcy, near Cleveland, to Brady’s Lake Junction, a short distance north of Kent, where it connects with the line of The Pennsylvania Company. It is jointly owned by the New York Central and the Pennsylvania companies. Trains are operated thereover only by the New York Central, which also has trackage rights over The Pennsylvania Company’s tracks from the terminus of the Lake Erie & Pittsburgh railway to Ravenna, and thence over the tracks of The Baltimore & Ohio Railroad Company to Youngstown. It further appears from the record that no trains are operated by The Lake Erie & Pittsburgh Rail *372 way Company; that there is no intermediate connection of its tracks with any other company; that no industries are located on said road; that it has no team tracks or terminals; and that its line and that of the complainants are parallel and competing lines between Kent and Cleveland. It does not appear from the record that any shipper has sought or is seeking the proposed connection.
The contention is made by the complainants here that under the laws of this state they have an absolute right to establish a physical connection between the tracks of the Wheeling & Lake Erie company and the tracks of the Lake Erie & Pittsburgh company.
This court has held in the case of The Akron, Canton & Youngstown Ry. Co. et al. v. The Public Utilities Commission of Ohio, ante, 359, that the right is a relative and not an absolute right, and, therefore, that before such connection may be required it must be shown to be practicable and reasonably necessary for the accommodation of the public. No claim of discrimination is made here by the complainants; although charged in the pleadings, the complainants expressly withdrew that contention from the consideration of this court. In this case, therefore, we have only to consider whether, from the record, it appears that the action of the commission denying the relief prayed, either upon the ground that the proposed connection is not practicable or that it is not reasonably necessary to accommodate the public, is unlawful or unreasonable.
The principal ground upon which such connec *373 tion of tracks was urged by the complainants was that thereby additional through routes could be established between Youngstown, Akron and Canton, and between Canton and other points on complainants’ road south of Kent and Cleveland.
The question the commission was required to determine from the evidence submitted was not whether a private benefit or advantage would accrue to the railroad company, from the proposed connection, but whether the necessities of the public reasonably required such connection; and the burden was upon the complainants to establish that essential fact.
It is quite apparent that in the consideration and determination of the question whether such public necessity exists for the proposed connection just regard was given by the commission to probably resulting advantages on the one side, and to the expense to be necessarily incurred upon the other. Adhering to the rule for the consideration of such proceedings adopted by this court in The Hocking Valley Ry. Co. v. The Public Utilities Commission of Ohio et al., 92 Ohio St., 9, and The Hocking Valley Ry. Co. v. The Public Utilities Commission of Ohio et al., Id., 362, and specifically followed and applied in The Akron, Canton & Youngstown Ry. Co. v. The Public Utilities Commission of Ohio, ante, 359, we are constrained to approve the finding and order of the Public Utilities Commission herein.

Order affirmed.

Nichols, C. J., Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.